CONTINENTAL GIN CO. v. STOCKER et al.

(Circuit Court of Appeals, Eighth Circuit. July 23, 1917.)

No. 4867.

PRINCIPAL AND SURETY ⊚‸161—ACTION ON NOTES—DEFENSES BY SURETY.

Evidence *held* insufficient to sustain the defense by sureties on promissory notes that the payee agreed to apply the proceeds of a mortgage given by the principal, if sold on foreclosure, on such notes, in preference to other notes of the series.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Martin J. Wade, Judge.

Action at law by the Continental Gin Company against W. D. Stocker and J. Oscar Howard. Judgment for defendants, and plaintiff brings error. Reversed.

For opinion of lower court, see 235 Fed. 1005.

J. L. Hull, of Muskogee, Okl. (N. A. Gibson and T. L. Gibson, both of Muskogee, Okl., on the brief), for plaintiff in error.

Malcolm E. Rosser, of Muskogee, Okl. (Geo. S. Ramsey, of Muskogee, Okl., and Edgar A. De Meules and Villard Martin, both of Tulsa, Okl., on the brief), for defendants in error.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

⊚‸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

CARLAND, Circuit Judge. The Gin Company, hereafter called the plaintiff, sued Stocker and Howard, hereafter called defendants, on two promissory notes, dated September 6, 1911, for the sum of $1,-550 each. The defendants pleaded in defense that the notes sued on were the first two of a series of four notes for the same amount given for the purchase price of a gin sold by the plaintiff to the Farmers' & Merchants' Gin Company of Stigler, Okl.; that defendants signed said notes as sureties only, and before said notes were signed one J. D. Ray, while acting as the agent of the plaintiff in making the sale of the gin, orally promised and agreed with the defendants that, in case default should be made in the payment of the notes given by the Farmers' & Merchants' Gin Company and the mortgage given to secure the purchase price of the gin should be foreclosed, the proceeds of the foreclosure sale would be first applied to the payment of the two notes sued upon in this action; that, notwithstanding this agreement, the mortgage given to the plaintiff by the Farmers' & Merchants' Gin Company upon the gin was foreclosed prior to the present suit, and all the proceeds of the sale applied upon the last two notes of the series of four which defendants did not sign. It was further alleged that the proceeds of the mortgage foreclosure would have fully satisfied the notes sued on in the present action, and therefore defendants prayed that the suit be dismissed. The case came on for trial, and, as the execution and delivery of the notes were admitted, the defendants assumed the burden of establishing their defense.

Evidence was introduced upon the question of whether any contract, as alleged, was ever made between the defendants and the plaintiff, through its agent, J. D. Ray, and upon the question as to whether said J. D. Ray had apparent authority from his principal to make the contract pleaded; it being conceded or undisputed that he had no actual authority to do so. It appeared from the evidence that the mortgage upon the gin had been foreclosed, and that the sum realized therefrom by the plaintiff after the payment of prior liens and costs was $2,713.-30, which had been applied upon the two notes last becoming due in the series of four. Under the charge of the court the jury allowed this last-named sum as a credit upon the amount due upon the notes sued upon. The plaintiff sued out a writ of error from the judgment entered on the verdict.

Numerous errors have been assigned; but we have found it necessary to consider but one assignment of error, and that is the one which alleges that the court erred in refusing to direct a verdict for the plaintiff for the full amount due upon the notes. There is an interesting discussion of the validity and nature of such a contract as is pleaded in defense contained in the briefs of counsel, and also upon the question as to whether oral evidence was competent to vary the written contract of the parties entered into at the time of the purchase and sale of the gin.

A careful consideration of the evidence, however, has convinced us that there was not sufficient evidence of a contract, such as is pleaded by the defendants, to warrant the court in submitting that question to the jury. The following is all the evidence in the record bearing upon

the question of whether there was a contract. Mr. Howard, one of the defendants, being upon the witness stand, was asked by his counsel the following question:

"Q. Proceed; go ahead, and state what Mr. Ray said to you. A. Mr. Ray said, 'Go ahead and sign the notes;' that if the—the purchase price would be taken out of the earnings, and if it was sold before the purchase price would be put on the two first notes, and after the thing was about over with I turned around and said to Mr. Ray, 'If you don't do this and agree to do this'— He says, 'I will take good care of you; I have a good credit with the Continental Gin Company and I can manage them as long as I want to.' I wouldn't have signed the note, if that hadn't been the agreement."

The defendant Stocker, while upon the stand, testified that Ray said that defendants "were taking no chances in indorsing; that the property would take care of those two notes, and they would be paid first; that the only chances we were taking that some unforeseen catastrophe would wipe the whole thing out." The witness Stocker was again asked the following question:

"Now, you stated a while ago, Mr. Stocker, that Mr. Ray told you that if you signed these notes that you would not run any risk, except in case of catastrophe, because the proceeds of the property would be applied first to them? A. Yes, sir; and also the earnings of the company, earnings of the gin company; he and Mr. Holcomb were the gin company."

This is all the evidence in the record tending to show a contract between Ray, as the agent of the plaintiff, and the defendants that the proceeds of the mortgage foreclosure, if the mortgage should be foreclosed, would be applied to the payment of the notes in suit. Manifestly, the evidence is not such upon which a jury would be authorized to find a verdict that there was such a contract. The last question put by counsel assumes that the witness had stated something which he did not state, and in answering the question the witness stated that Ray had said that the notes would also be paid from the earnings of the company. As to the contract, therefore, the evidence was to this effect. Howard testified that Ray said:

"The purchase price would be taken out of the earnings, and, if it [the gin] was sold before, the purchase price would be put on the two first notes."

Stocker testified that Ray said:

"The property and earnings of the company would take care of the notes, and they would be first paid."

The words "purchase price" refer to the price paid by the gin company. We are clearly of the opinion that a verdict against the plaintiff on the question of contract based upon such evidence ought not to be allowed to stand, and therefore it was the duty of the trial court to have directed a verdict as requested. For this error the judgment below must be reversed, and a new trial ordered.

We might rest the case here; but, in view of the fact that there is to be a new trial, we think it is proper to say that in our opinion there is no evidence in the record that would sustain a verdict by the jury that Ray had apparent authority to make the contract pleaded.

Judgment reversed, and a new trial ordered.